IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN GENINS,
    Plaintiff,

v.                                                    Case No. 3:11cv568/RV/CJK

JUDGE PAT KINSEY, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, initiated this action on November 28, 2011, by filing a complaint asserting jurisdiction under "28 USC Secs. 1331 & 1343 & RICO." (Doc. 1). Plaintiff claimed that the defendants, Escambia County Circuit Court Judge Pat Kinsey and Mr. Marty V. Mitchell, "deprived plaintiff of his 4th & 14th Amendments Constitutional rights resulting in his loss of his home and other property interests, access to the Court and for a fair trial, and liberty under color of state law and in violation of federal law, e.g., 42 U.S.C. Sec. 1983, pursuant to Orders maliciously issued without jurisdiction to do so by defendant Kinsey under proceedings maintained for defendant Mitchell." (Doc. 1, p. 1 ¶ 2). As relief, plaintiff sought compensatory damages and punitive damages. (*Id*. ¶ 4). Plaintiff's complaint was accompanied by the $350.00 filing fee. (Doc. 1).

    On December 19, 2011, the Court issued an order advising plaintiff that his complaint failed to comply with Local Rule 5.1(J), which requires that all *pro se* complaints filed under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 be submitted on the

appropriate court form. (Doc. 3) (citing N.D. Fla. Loc. R. 5.1(J)(2), which provides: "No . . . civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 or 2000e (Title VII), 28 U.S.C. §§ 1331 or 1346, shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant."). Plaintiff was ordered to file an amended complaint on the court form within thirty days, was provided a copy of the appropriate court form, and was warned that failure to comply with the order would result in a recommendation that this case be dismissed for failure to comply with an order of the court. (Doc. 3). Plaintiff objected to the order. (Doc. 4). District Judge Vinson denied plaintiff's objection on January 11, 2012. (Doc. 5).

On January 19, 2012, the Court granted plaintiff an extension until February 20, 2012 in which to comply with the December 19, 2011 order. (Doc. 7). After receiving no response from plaintiff, the Court issued an Order on March 12, 2012, requiring plaintiff to show cause within fourteen days why his case should not be dismissed for failure to comply with an order of the court. (Doc. 8). Plaintiff responds that he has no intention of complying with the Court's December 19, 2011 order, asserting, *inter alia*, that: (1) "there is no enforceable 'court form'"; (2) the court did not hold a hearing before issuing its order to show cause; (3) "Any Order contemplated by Document 8 would deny plaintiff the equal protection of the laws (and thus his Due Process Right guaranteed by the U.S. Constitution to access to this Court, as is allowed non pro se plaintiffs." and (4) plaintiff believes his original complaint is in an appropriate form. (Doc. 9).

Local Rule 41.1 authorizes the Court to enter an order to show cause why a claim or claims should not be dismissed for failure to comply with the Court's Local Rules or a court order. N.D. Fla. Loc. R. 41.1(B). If good cause is not shown, a

dismissal may be entered for failure to comply. *Id*. Plaintiff has not complied with Local Rule 5.1(J)(2) or this Court's order requiring plaintiff to file an amended complaint on the court form. Plaintiff's response to the show cause order does not show good cause for plaintiff's failure to comply.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2. That plaintiff's Motion for Extension of Time to Serve Process and for Direction to Clerk to Issue Summons (doc. 10), as supplemented (doc. 11) be DENIED as moot.

3. That plaintiff's Requests for Judicial Notice and for Replacements (doc. 12) be DENIED.

4. That the Clerk be directed to close the file.

At Pensacola, Florida this 29th day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).